**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALCORN COMMUNICATIONS LLC, | : |
| Plaintiff, | : |
| v. | : Civil Case No. _____ |
| EMINOR, INC. | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

## COMPLAINT

Plaintiff Alcorn Communications LLC ("Plaintiff"), for its Complaint against Defendant eMinor, Inc. ("Defendant"), hereby alleges as follows:

## PARTIES

1. Plaintiff is a Delaware limited liability company.

2. Upon information and belief, Defendant is a Delaware corporation having a principal place of business at 501 Washington Street, Durham, North Carolina 27701. Upon information and belief, Defendant may be served with process through its registered agent, Incorporating Services, Ltd, at 3500 South Dupont Highway, Dover, Delaware 19901.

## NATURE OF THE ACTION

3. This is a civil action for the infringement of United States Patent No. 6,289,350 (the "'350 Patent") and United States Patent No. 6,363,390 (the "'390 Patent") (collectively, the "Patents-In-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*

5. This Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

6. Upon information and belief, more specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States and the State of Delaware. Upon information and belief, Defendant has committed patent infringement in the State of Delaware. Defendant solicits customers in the State of Delaware. Defendant has many paying customers who are residents of the State of Delaware and who each use Defendant's products and services in the State of Delaware.

7. Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN SUIT

8. Paragraphs 1-7 are incorporated by reference as if fully set forth herein.

9. On September 11, 2001, the '350 Patent entitled "System and Method For Structured News Release Generation and Distribution" was duly and lawfully issued by the United States Patent and Trademark Office ("PTO"). The '350 Patent is attached hereto as Exhibit A.

10. On March 26, 2002, the '390 Patent entitled "System and Method For Structured News Release Generation and Distribution" was duly and lawfully issued by the PTO. The '390 Patent is attached hereto as Exhibit B.

11. Plaintiff is the exclusive licensee of the Patents-In-Suit and possesses all rights of recovery under the Patents-In-Suit, including the right to sue and recover all damages for infringement thereof, including past infringement.

## COUNT I – PATENT INFRINGEMENT

12. Paragraphs 1-11 are incorporated by reference as if fully restated herein.

13. Upon information and belief and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe one or more claims of the '350 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a method for structured generation of a news release, as described via their website http://www.reverbnation.com.

14. With regard to the '350 Patent, Defendant's email newsletter service receives specified content of each of a plurality of predetermined sections of the news release, the predetermined sections and their ordering determining in part a desired format for the news release. The email newsletter service generates templates that receive information into specified sections, which vary according to the template selected. The email newsletter service stores, in a digital storage medium, the content specified for each of the sections. That is, the webserver with which the customer's computing device is communicating, stores the received content in a digital storage medium, such as a datastore (e.g., database). The email newsletter service then assembles the news release by retrieving from the storage medium each of the stored sections in a manner

consistent with the desired format (e.g., in accordance with the selected template). The email newsletter service provides, to a promoter of the news release, feedback information that is responsive to the news release. The email newsletter service is said to provide detailed analytics and advanced tracking features.

15.     Upon information and belief and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe one or more claims of the '390 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a method for structured generation of a news release, as described via their website http://www.reverbnation.com.

16.     With regard to the '390 Patent, Defendant's email newsletter service receives specified content of each of a plurality of pre-determined sections of the news release, the predetermined sections and their ordering determining in part a desired format for the news release. The email newsletter service generates templates that receive information into specified sections, which vary according to the template selected. The email newsletter service stores, in a digital storage medium, the content specified for each of the sections. That is, the webserver with which the customer's computing device is communicating, stores the received content in a digital storage medium, such as a datastore (e.g., database). The email newsletter service then assembles the news release by retrieving from the storage medium each of the stored sections in a manner consistent with the desired format (e.g., in accordance with the selected template).

17.     Additionally, with regard to the '390 Patent, the email newsletter service advertises that "email newsletters are fully integrated with your ReverbNation music, photos, and videos. It only takes one click to add links to your social networks, show schedule, and more.

With Fan Reach, you don't have to be a pro to send professional looking emails." The email newsletter service also provides templates that allow for embedding of audio and video content.

18.     To the extent such notice may be required, Defendant received actual notice of its infringement of the Patents-In-Suit at least as early as the filing of the original complaint in this action, pursuant to 35 U.S.C. § 287(a).

19.     Defendant's aforesaid activities have been, intentional, without authority and/or license from Plaintiff.

20.     Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21.     Defendant's infringement of Plaintiff's exclusive rights under the Patents-In-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alcorn Communications LLC respectfully requests that this Court enter judgment against Defendant eMinor, Inc. as follows:

A.     An adjudication that Defendant has infringed the Patents-In-Suit;

B.     An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate

        Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285;

D.     An award to Plaintiff of its attorney fees, costs, and expenses incurred in prosecuting this action; and

E.     An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated: January 25, 2013                     STAMOULIS & WEINBLATT LLC

                                            */s/ Stamatios Stamoulis*
                                            Stamatios Stamoulis #4606
                                                  stamoulis@swdelaw.com
                                            Richard C. Weinblatt #5080
                                                  weinblatt@swdelaw.com
                                            Two Fox Point Centre
                                            6 Denny Road, Suite 307
                                            Wilmington, DE 19809
                                            Telephone: (302) 999-1540

                                            *Counsel for Plaintiff*
                                            *Alcorn Communications LLC*